IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY J. CRISWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:23-cv-00982 ) |
| HUMPHREYS COUNTY SHERIFF'S DEPARTMENT, et al., | ) JUDGE RICHARDSON ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Anthony Criswell, an inmate of the Hickman County Jail proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 7) supported by a certification of his recent inmate trust account activity. (Doc. No. 8.)

The case is before the Court for ruling on Plaintiff's IFP application and initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee, that application (Doc. No. 7) is **GRANTED,** and a $350 filing fee is **ASSESSED**. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average

monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Ste. 1300, Nashville, TN 37203.

## INITIAL REVIEW

### I. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff still must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

**II. Allegations and Claims**

Plaintiff is a pretrial detainee who was formerly detained in Humphreys County. He sues the Humphreys County Sheriff's Department and Sheriff Chris Davis, as well as the City of Waverly Police Department and former Waverly police officer Chris Taylor, for damages to compensate him for the mental and physical anguish of being held in the Humphreys County Jail allegedly on "trumped up charges." (Doc. No. 1 at 5.) According to the Complaint, Plaintiff was arrested on December 30, 2020, was charged with resisting arrest (Doc. No. 1 at 4–5, 12), and was apparently criminally charged "again [on] Aug 19, 2023." (*Id.* at 5; *see also* Doc. No. 5 at 1.) He alleges that he was told by Defendants Davis and Taylor in 2020 "that resisting arrest [was] going to be the only thing [he] would be charged for, but two years later [Davis] said these words to [him][:] 'Since you don't want to testify for the Waverly Police Dept. on our behalf I'm going to make sure they send your black n****r ass to prison forever." (Doc. No. 1 at 12 (cleaned up).) Plaintiff states that he is filing for discrimination, wrongful imprisonment, and malicious sentencing based on his continued detention "because [he] won't testify [on] behalf of the police in a wrongful death suit against the city/county." (*Id.* at 4–5, 12.)

**III. Analysis**

Section 1983 is a vehicle for establishing the liability of "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States or other person

within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Thus, Section 1983 complaints must plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014). Importantly, "[o]nly a 'person' faces liability under the statute." *Hohenberg v. Shelby Cnty., Tennessee*, 68 F.4th 336, 342 (6th Cir. 2023) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989)).

Neither the Humphreys County Sheriff's Department nor the City of Waverly Police Department is a "person" subject to suit under Section 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2–3 (M.D. Tenn. Aug. 25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit"). And although a city or a county (i.e., a municipality) can be such a "person," Plaintiff does not claim that his alleged harm resulted from the execution of any municipal policy or custom, as would be required to state a claim under Section 1983 against Humphreys County or the City of Waverly, *see Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012) (citing *Miller v. Sanilac County*, 606 F.3d 240, 254–55 (6th Cir. 2010)), or to state a claim against Humphreys County employees or City of Waverly employees in their official capacity (which would amount to the same thing as a claim against Humphreys County or the City of Waverly). *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (holding that "individuals sued in their official capacities stand in the shoes of the entity they represent"). Therefore, Plaintiff's claims against these municipal entities, and his official-capacity claims against Sheriff Davis and Officer Taylor, must be dismissed.

Sheriff Davis and Officer Taylor, to the extent sued in their official capacities, are "persons" who can be sued under Section 1983. However, the Complaint does not attribute any wrongdoing to Officer Taylor. Taylor is a Waverly policy officer, perhaps the arresting officer in Plaintiff's case. But Plaintiff was delivered to Humphreys County custody, and it is Humphreys County Sheriff Davis—not Officer Taylor—who allegedly told Plaintiff that he would remain in custody because he refused to testify for law enforcement in a wrongful death suit. (*See* Doc. No. 1 at 12.) "It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to pro se complaints." *Green v. Correct Care Sols.*, No. 3:14-cv-01070, 2014 WL 1806997, at *4 (M.D. Tenn. May 7, 2014) (citing cases); *see also Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability.") (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)). Accordingly, absent any factual allegation that Officer Taylor was involved in the violation of Plaintiff's rights, and with only the conclusory accusation that Officer Taylor helped Davis to "trump[] up" charges on Plaintiff (Doc. No. 1 at 5), Officer Taylor must be dismissed from this action.

Plaintiff claims that Sheriff Davis, in his individual capacity and with discriminatory intent, kept Plaintiff incarcerated in the Humphreys County Jail on trumped-up charges years after his initial arrest, in retribution for Plaintiff's refusal to testify for the government in a wrongful death lawsuit. (*Id.* at 5, 12.) Although Plaintiff characterizes his claim against Davis as a "wrongful imprisonment" or "malicious sentencing" claim (*id.* at 3, 12), that claim, liberally construed, is best characterized as a Fourth Amendment malicious-prosecution claim. *See Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1162 (6th Cir. 2021) ("[F]alse imprisonment ends with the

issuance of legal process—when, for example, the plaintiff is brought before a magistrate. 'From that point on,' a plaintiff relying on the law of torts to challenge any continuing detention must assert a malicious-prosecution claim.") (quoting *Wallace v. Kato*, 549 U.S. 384, 390 (2007)); *Mills v. Barnard*, 869 F.3d 473, 480 (6th Cir. 2017) (finding that "the § 1983 version of 'malicious prosecution' is not limited to the institution of proceedings; it can also support a claim for 'continued detention without probable cause'") (citation omitted); *King v. Harwood*, 852 F.3d 568, 590 (6th Cir. 2017) (recognizing viability of "malicious-prosecution claims against law-enforcement officers who set a prosecution in motion"). But such a claim based on the wrongfulness of Plaintiff's continued detention cannot be brought while the underlying criminal prosecution is ongoing, as the favorable termination of the prosecution is an element of the malicious-prosecution claim. *Sykes v. Anderson*, 625 F.3d 294, 309 (6th Cir. 2010) (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.")); *see King*, 852 F.3d at 578–79 (finding that, unlike claims for false arrest or false imprisonment, "a malicious-prosecution claim is not available before the favorable termination of criminal proceedings, nor does the limitations period for such a claim begin until the favorable termination of criminal proceedings"); *Savory v. Cannon*, 532 F. Supp. 3d 628, 636 (N.D. Ill. 2021) ("*McDonough* [*v.* Smith, 588 U.S. 109 (2019)] makes clear that a plaintiff must wait until the favorable termination of the criminal proceedings to bring a § 1983 claim that, if successful, would be incompatible with his guilt.").

Information on the Humphreys County Sherriff's Office website, of which the Court can and does take judicial notice, shows that Plaintiff is currently awaiting trial on six felony charges. http://hcsonet.com:5337/Jail/Index?fname=ANTHONY&lname=CRISWELL&released=    (last

visited May 28, 2024). Therefore, Plaintiff's malicious-prosecution claim is premature at this point and therefore not plausibly pled.

Conceivably, if and when criminal proceedings terminate in his favor, Plaintiff eventually could be able to assert a viable Section 1983 claim against the officials involved in his prosecution. But no such malicious-prosecution claim is available yet. For this reason and as otherwise discussed above, the Complaint fails to state a claim and therefore cannot proceed beyond this initial review.

## CONCLUSION

In light of the foregoing, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to Plaintiff's ability to bring a new action for malicious prosecution if and when the criminal proceedings against him terminate in his favor.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE